89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christopher A. HINTZ; William M. Hill, Plaintiffs-Appellants,
v.
Ken McKEE; James Cosgrove; Brayton, C/O; Maurer, C/O;
Cooley, C/CO, Defendants-Appellees.
 No. 95-2030.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1996.
 
 Before; KENNEDY, CONTIE, and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Christopher A. Hintz and William M. Hill, Michigan state prisoners, appeal pro se the summary judgment for defendants in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hintz and Hill filed this action against a number of prison employees whom they alleged had retaliated against them for filing a grievance. Specifically, they alleged that they were subjected to excessive searches, fabricated misconduct charges, and verbal abuse, and that plaintiff Hill's mail was delayed and he was transferred to several different beds and ultimately to a different institution. Defendants moved for summary judgment, to which no response was filed. The matter was referred to a magistrate judge, who recommended that summary judgment be granted. The magistrate judge noted that plaintiffs alleged that this pattern of "harassment" began before Hill filed the grievance in question, thus negating any inference of retaliatory motive. The district court adopted the magistrate judge's recommendation over plaintiffs' objections.
 
 
 3
 Upon review, we conclude that there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 250 (6th Cir.1994). In order to establish a claim of unconstitutional retaliation, plaintiffs were required to prove a chronology of events from which retaliation could plausibly be inferred. See Cain v. Lane, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988). For the reasons stated by the magistrate judge and adopted by the district court, we conclude that plaintiffs failed to make such a showing.
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.